UNITED STATES *v.* GROSS (No. 2392).[1]

1. CONSTRUCTION, PARAGRAPH 347, TARIFF ACT OF 1913—"FEATHERS."

    Paragraph 347, tariff act of 1913, provides, at different rates, for feathers: First, as raw material; second, advanced, but not enough for millinery ornaments; and, third, when made into finished articles or so far advanced as to be suitable for use as millinery ornaments.

---

[1] T. D. 40587.

2. FEATHERS, ADVANCED—"MARABOUS."

Turkey feathers, chopped, dyed, and sewed together on a cord in the form of bands or strips about 40 inches long, designed to be further processed into "marabous," but unfit, as imported, for use as millinery ornaments, are dutiable under paragraph 347, tariff act of 1913, as advanced feathers; and are not classifiable under the paragraph as finished feather articles.

United States Court of Customs Appeals, December 17, 1924

APPEAL from Board of United States General Appraisers, Abstract 46966

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson,* special attorney, of counsel), for the United States.

*Comstock & Washburn* (*George J. Puckhafer* and *Henry J. Rode* of counsel) for appellee.

[Oral argument Oct. 21, 1924, by Mr. Richardson and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

In this case it was found by the Board of General Appraisers, on evidence concededly ample to support the conclusion, that the imported merchandise is turkey feathers which have been chopped, dyed, and sewed together on a cord in the form of bands or strips about a meter in length, differing only in colors; that while in this condition it is, after importation, sold to manufacturers who further process it into what is called "marabous," which appears to mean a feather trimming, and that when imported it is not suitable for use as millinery ornaments.

We quote so much of paragraph 347 of the tariff act of 1913, under which the importation was classified and assessed by the collector, as is necessary to dispose of the issues raised.

Feathers and downs, on the skin or otherwise, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for in this section, 20 per centum ad valorem; when dressed, colored, or otherwise advanced or manufactured in any manner, and not suitable for use as millinery ornaments * * * 40 per centum ad valorem; * * * boas, boutonnieres, wreaths, and all articles not specially provided for in this section, composed wholly or in chief value of any of the feathers, * * * herein mentioned, 60 per centum ad valorem.

The collector assessed duty upon the merchandise under the last provision of the paragraph at 60 per cent ad valorem.

More than one claim was made in the protest, but the only one relied upon here, which was sustained by the board, is that the merchandise is dutiable at the rate of 40 per cent ad valorem under said paragraph.

It is apparent that the quoted part of the paragraph provides for three classes of merchandise:

(1) Feathers and downs on the skin or otherwise, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for.

(2) Feathers and downs on the skin or otherwise, when dressed, colored, or otherwise advanced or manufactured in any manner, and not suitable for use as millinery ornaments.

(3) Boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of such feathers.

The only question here is, under which of the above subdivisions (2) and (3) the merchandise is dutiable?

As applied to this case three grades of merchandise are clearly mentioned in the paragraph. First, the raw material; second, such material dressed, colored, or otherwise advanced or manufactured, but not sufficiently so as to be suitable for use as millinery ornaments; third, the same material made into boas, boutonnieres, and wreaths, which are clearly finished articles ready for use, and such other finished articles as are ready for use and not specially provided for. The merchandise here is not ready for use in its imported condition except as material.

The record shows, without dispute, that the further processing mentioned by the board consists in twisting, cleaning, and drying; in other words, the importation is material from which a finished article ready for use is made. As imported, it is in one sense an article, of course, as is practically everything else, but we do not think it is an article subject to duty at 60 per cent ad valorem within the contemplation of paragraph 347.

The case of United States *v*. Beach (8 Ct. Cust. Appls. 365; T. D. 37625), relied upon by the Government, is hardly in point. There, certain feathers had been fastened upon white cards in such a manner as to represent a variety of small birds, and in that condition were ready for use and were used for ornamental purposes, such as the decoration of walls in the same manner as pictures are used. We held them dutiable at 60 per cent ad valorem on the ground that they were articles having a distinct use.

It is evident that the use in that case was that of finished articles, not as material.

The judgment of the Board of General Appraisers is *affirmed*.